# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

_____

| | | |
|---|---|---|
| In re: | : | |
| | : | CHAPTER 11 |
| NEW EARTH LNG, LLC, | : | |
| a Delaware LLC, | : | CASE NO. 09-13160 |
| | : | (Joint Administration Pending) |
| Debtor. | : | |
| _____ | : | |
| In re: | : | |
| | : | CHAPTER 11 |
| PNG VENTURES, INC., | : | |
| a Nevada Corporation, | : | CASE NO. 09-13162 |
| Debtor. | : | (Joint Administration Pending) |
| _____ | : | |
| In re: | : | |
| | : | CHAPTER 11 |
| ARIZONA LNG, LLC, | : | |
| a Nevada LLC, | : | CASE NO. 09-13164 |
| Debtor. | : | (Joint Administration Pending) |
| _____ | : | |
| In re: | : | |
| | : | CHAPTER 11 |
| APPLIED LNG TECHNOLOGIES | : | |
| USA, LLC, a Delaware LLC, | : | CASE NO. 09-13163 |
| Debtor. | : | (Joint Administration Pending) |
| _____ | : | |
| In re: | : | |
| | : | CHAPTER 11 |
| FLEET STAR, INC. , | : | |
| a Delaware Corporation, | : | CASE NO. 09-13166 |
| Debtor. | : | (Joint Administration Pending) |
| _____ | : | |
| In re: | : | |
| | : | CHAPTER 11 |
| EARTH LEASING, INC., | : | |
| a Texas Corporation, | : | CASE NO. 09-13165 |
| Debtor. | : | (Joint Administration Pending) |
| _____ | : | |

**MOTION OF DEBTORS FOR ORDER
DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES PURSUANT TO FED. R. BANKR. P. 1015(b)**

LV1 1082208v1 09/09/09

New Earth LNG, LLC ("New Earth"), PNG Ventures, Inc. ("PNG"), Arizona LNG, LLC ("Arizona"), Applied LNG Technologies USA, LLC ("Applied LNG"), Fleet Star, Inc. ("Fleet Star") and Earth Leasing, Inc. ("Earth Leasing"), (collectively, the "Debtors"), by and through their undersigned proposed counsel, hereby move this Court for the entry of an order directing joint administration of the above-captioned cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") (the "Motion"). In support of this Motion, the Debtors respectfully states as follows:

## Jurisdiction

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Bankruptcy Rules 1015(b) and Local Rule 1015-1.

## Background [1]

3.      On September 9, 2009 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] A more complete description of the Debtors' businesses, their history, their secured creditors and the events leading to bankruptcy is contained in the certain Motion for Entry of Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363 and 364 and Federal Rule of Bankruptcy Procedure 2002, 4001, and 9014 (i) Authorizing Debtors-In-Possession to Obtain Interim Post-Petition Financing and Grant Security Interests and Superpriority Administrative Expense Status Pursuant to 11 U.S.C. §§ 105 and 364(c); (ii) Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. § 363; (iii) Modifying the Automatic Stay Pursuant to 11 U.S.C. § 362; (iv) Authorizing the Debtors to Enter into Agreements With Greenfield Commercial Credit, LLC; (v) Granting Adequate Protection to Secured Lenders and (vi) Scheduling Final Hearing Pursuant to Bankruptcy Rule 4001 (the "DIP Financing Motion") filed contemporaneously with this Motion and other First Day Motions as well as in the Affidavit of Kevin Markey in Support of First Day Motions and Orders (the "First Day Affidavit"). The facts contained therein are incorporated by reference.

LV1 1082208v1 09/09/09

4.      The Debtors consist of a consolidated group of business entities whose common parent is PNG Ventures, Inc., a publicly-held Nevada corporation ("PNG"). Since June 30, 2008, the Debtors have collectively engaged in the production, distribution, and sale of liquefied natural gas ("LNG") to customers consisting of public utilities, industrial end-users and other fleet customers within the transportation, manufacturing, distribution, and municipal markets, primarily in California, Arizona and Nevada. The Debtors also offer turnkey fuel solutions, including delivery, equipment storage, fuel dispensing equipment, and fuel loading facilities.

5.      The current business of the Debtors commenced on June 30, 2008, upon the acquisition of New Earth LNG, LLC, a Delaware Limited Liability Corporation ("New Earth") by PNG in a share exchange transaction (the "Share Exchange") with Evolutions Fuels, Inc. f/k/a Earth Biofuels, Inc. ("EBOF"), the former owner of the outstanding shares of New Earth. Through the acquisition of New Earth, PNG acquired the LNG business then owned and operated by Applied LNG Technologies USA, a Delaware Limited Liability Corporation ("ALT") and Arizona LNG, LLC, a Nevada Limited Liability Corporation ("Arizona"), both wholly-owned subsidiaries of New Earth, in addition to Earth Leasing, Inc., a Texas Corporation ("Earth Leasing") and Fleet Star, Inc., a Delaware Corporation ("Fleet Star"), each wholly-owned subsidiaries of ALT.

6.      PNG is a publicly-traded Nevada corporation whose shares of common stock trade on the OTC Bulletin Board under the trading symbol "PNGX." Its offices are located at 5310 Harvest Hill Road, Suite 229, Dallas, Texas 75230. Prior to the Share Exchange, PNG was under the direct and indirect control and/or management of Black Forest International, LLC, and/or certain of its affiliates, shareholders and/or management ("BFI"). As more fully discussed in the Cash Collateral Motion/First Day Affidavit, prior to the Share Exchange

LV1 1082208v1 09/09/09

transaction, BFI used its position of control and dominion over PNG in a self-dealing transaction to adopt a $63,000 convertible note that contains non-standard features that are toxic to the survival of the Debtors.

7. The outstanding indebtedness of the Debtors is fully set forth in the DIP Financing Motion and First Day Affidavit.

## Events Leading to Bankruptcy

8. As more fully set forth in the First Day Affidavit, confronted with losses from operations and defaults under the Medley Senior $36.25 million Secured Credit Facility and the Castlerigg $3.188 million Subordinated Convertible Note, during 2009, the Debtors implemented a number of steps to address operational issues, principally directed at reducing operating expenses, increasing customer accounts and revenues, and other measures designed to mitigate losses from operations.

9. In addition, prior to the commencement of these proceedings, the Debtors attempted to obtain new financing and/or recapitalize, but were unable to do so due to, among others, the toxic provisions in the BFI Note ($63,000 outstanding principal balance) and the negative covenants within the BFI Settlement Agreement.

10. Unable to secure new financing from third parties, the Debtors commenced discussions with Medley and Castlerigg, as their two largest creditors, regarding: (i) a proposed out-of-court restructuring of the Debtors' outstanding Senior Secured Credit Facility and outstanding Subordinated Convertible Note; and (ii) an infusion of new capital into the Debtors. The purpose of these discussions was to restructure the finances of the Debtors in a manner sufficient to avoid the need to resort to Chapter 11 relief.

4

11.     As more fully set forth in the First Day Affidavit, despite the willingness of Medley and Sandell to propose a restructuring transaction outside of a chapter 11 proceeding, the various impediments discussed in the DIP Financing Motion/First Day Affidavit, primarily an inability to negotiate a commercially reasonable settlement with BFI, made it impossible to effectuate a restructuring transaction outside of a chapter 11 proceeding.

### Relief Requested

12.     By this Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases for procedural purposes only, pursuant to Bankruptcy Rules 1015(b) and Local Rule 1015-1.

13.     Bankruptcy Rule 1015(b) provides that if two or more petitions for relief are pending in the same Court by or against a debtor and its affiliate, the Court may order a joint administration of the estates, without notice or hearing.  PNG directly owns 100% of the stock of New Earth, which in turn owns 100% of the ownership interests in Applied LNG and Arizona, the operating companies, and Applied LNG owns Fleet Star and Earth Leasing.  The Debtors therefore are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested.

14.     In addition, Local Rule 1015-1 provides that the Court may order the joint administration of estates of a debtor and its affiliates, without notice and a hearing, upon the filing of a motion and an affidavit establishing that joint administration is warranted, administratively beneficial, and not detrimental to the creditors.  Pursuant to Local Rule 1015-1, the Debtors submit the affidavit in support of First Day Motions of its Vice President of Sales and Operations of PNG Ventures, Inc., Kevin Markey, filed concurrently herewith.

LV1 1082208v1 09/09/09

15.     The Debtors believe that that joint administration of the Debtors' chapter 11 cases is warranted because the financial affairs and business operations of the Debtors are closely related.  Entry of an order directing joint administration of these cases will avoid duplicative notices, applications and orders, and will thereby save considerable time and expense for the Debtors and result in substantial savings to their estates.

16.     Furthermore, the rights of the respective creditors of the Debtors will not be adversely affected by joint administration of these cases because this Motion requests only administrative consolidation of the estates, and the Debtors are not at this time seeking substantive consolidation.  Each creditor may still file a claim against a particular Debtors' estate.  Thus, the rights of all creditors will be enhanced by the reduced costs resulting from joint administration.  This Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Finally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be simplified.

17.     By reason of the foregoing, the interests of the Debtors, their creditors and equity security holders would be best served by joint administration of the above-captioned cases.  Accordingly, the Debtors request that the caption of their cases be modified to reflect the joint administration of the Chapter 11 cases, as follows:

**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF DELAWARE**

_____
In re:                                                     :
                                                              :     CHAPTER 11
PNG VENTURES, INC., *et al.,*                 :
                                                              :     CASE NO. 09-13162 (CSS)
                        Debtors.               :     (Jointly Administered)
_____:

LV1 1082208v1 09/09/09

18.     The Debtors also seeks the Court's discretion that a notation substantially similar to the following notation be entered on the docket of each of the Debtors to reflect the joint administration of the cases:

> "An Order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 11 cases of PNG Ventures, Inc. and its affiliates, and the docket in Case No. 09-13162 should be consulted for all matters affecting this case."

## Notice

19.     Notice of this Motion has been given to the Office of the United States Trustee, counsel to the Debtors' lender(s), the Debtors' consolidated 20 largest unsecured creditors, the Securities and Exchange Commission and all parties requesting notice pursuant to Fed. R. Bankr. P. 2002.  In light of the nature of the relief requested, the Debtors submit that such notice is adequate under Bankruptcy Rule 1015 and no other or further notice is required.

WHEREFORE, the Debtors respectfully requests that the Court grant this Motion and grant such other and further relief as is just and proper.

Dated:  September 9, 2009
        Wilmington, Delaware

**FOX ROTHSCHILD LLP**
(formed in the Commonwealth of PA)


        */s/ L. Jason Cornell*
L. Jason Cornell (Bar No. 3821)
Citizens Bank Center
919 North Market Street, Suite 1300
P.O. Box 2323
Wilmington, Delaware 19899-2323
(302) 654-7444
E-mail: jcornell@foxrothschild.com

            and

LV1 1082208v1 09/09/09

Hal L. Baume
Joseph R. Zapata, Jr.
Martha B. Chovanes
997 Lenox Drive, 3rd Floor
Lawrenceville, NJ 08648
(609) 896-3600
(609) 896-1469 (fax)
E-mail: hbaume@foxrothschild.com
     jzapata@foxrothschild.com
     mchovanes@foxrothschild.com

*Proposed Counsel to the Debtors and*
*Debtors-in-Possession*