# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | CHAPTER 11 |
| | : | |
| PNG VENTURES, INC., *et al.,*1 | : | CASE NO. 09-13162 (CSS) |
| | : | (Jointly Administered) |
| Debtors. | : | **Objections Due: October 8, 2009 at 4:00 p.m.** |
| | : | **Hearing Date: October 15, 2009 at 2:30 p.m.** |

**MOTION FOR ORDER AUTHORIZING THE EMPLOYMENT OF
VINCENT, LOPEZ, SERAFINO & JENEVEIN, P.C. AS SPECIAL
LITIGATION COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO
SEPTEMBER 24, 2009 PURSUANT TO 11 U.S.C. § 327(e) AND FED. R. BANKR. P. 2014**

PNG Ventures, Inc., New Earth LNG, LLC, Arizona LNG, LLC, Applied LNG Technologies USA, LLC, Fleet Star, Inc. and Earth Leasing, Inc., the Debtors and Debtors-in-Possession herein (collectively, the "Debtors"), respectfully submit this motion for the entry of an order, pursuant to Sections 327(e) and 328(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the Debtors to retain and employ Vincent, Lopez, Serafino & Jenevein, P.C. as their Special Litigation Counsel (the "Motion), and in support thereof, states the following:

## Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

1 The Debtors herein are New Earth LNG, LLC, PNG Ventures, Inc., Arizona LNG, LLC, Applied LNG Technologies USA, LLC, Fleet Star, Inc. and Earth Leasing, Inc. Their address is 5310 Harvest Hill Road, Suite 229, Dallas, TX 75230.

3. The statutory predicates for the relief sought herein are Sections 327(e) and 328(a) of the Bankruptcy Code, as complemented by Bankruptcy Rule 2014 and Del. Bankr. LR 2014-1.

## Procedural Background

4. On September 9, 2009 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. On September 15, 2009, this Court ordered the joint administration of the estates of the Debtors.

6. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses as debtors in possession. No committee, trustee or examiner has been appointed in this case.

7. The Debtors have filed a motion to employ Fox Rothschild LLP ("Fox") as general bankruptcy attorneys in these cases, which motion is currently pending.

## Factual Background

8. Oliver Kendall Kelley ("Kelley") served as Chief Executive Officer of Applied LNG Technologies USA, LLC ("ALT") until November 2006. In November 2006, when Kelley no longer served as ALT's CEO, Kelley entered into an extension of an agreement with the Orange County Transportation Authority ("OCTA"), purportedly on ALT's behalf, without ALT's knowledge or authority. As a result of Kelley's unauthorized act, ALT has suffered damages arising from its contract with the OCTA.

9. On or about June 3, 2009, the Debtors filed suit against Kelley in the 298th District Court, Dallas County, Texas. The case is styled *Applied LNG Technologies USA, LLC v. Oliver Kendall Kelley,* Case No. 09-07213 (the "Kelley Litigation"). ALT has asserted the following claims in this action: tortious interference with contractual relations and prospective

relations, breach of fiduciary duty, fraud by failure to disclose, breach of contract, and attorneys' fees.

10. In addition, ALT is the defendant in litigation pending in Texas styled *Golden Spread Energy, Inc., et. al. v. AP Holdings International, Inc., et al.* DC-08-14569 and *Jack B. Kelley, Inc. v. Applied LNG Technologies USA, LLC*, Case No. 61332-C (together, the "Related Kelley Litigation"). The Related Kelley Litigation has been stayed pursuant to 11 U.S.C. § 362.

11. Prior to the Petition Date, the Debtors employed the firm of Vincent, Lopez, Serafino & Jenevein, P.C. as counsel with respect to the Kelley Litigation and the Related Kelley Litigation in Texas. The Debtors now seek to employ the firm of Vincent, Lopez, Serafino & Jenevein, P.C. ("Vincent Lopez"), post-petition, as Special Litigation Counsel to continue to represent them in Texas with respect to the Kelley Litigation and to represent the Debtors in any litigation concerning the claims of Kelley and/or its related entities, in the Bankruptcy Court, as necessary. The pre-petition Retainer Agreement is attached hereto and incorporated herein as Exhibit "A".

12. The Debtors seek to retain Vincent Lopez. as their Special Litigation Counsel because of its unique familiarity with the Kelley Litigation. Vincent Lopez has been representing the Debtor ALT since August, 2007. Vincent Lopez has offices in Dallas, Texas, where the hearings for the Kelley Litigation will take place, and therefore, it is cost effective for Vincent Lopez to continue to represent the Debtors' interests.

13. Subject to Court approval in accordance with Section 330 of the Bankruptcy Code, compensation will be payable to Vincent Lopez at its normal and customary rates, plus reimbursement of actual, necessary expenses and other charges incurred.

14. To the best of the Debtors' knowledge, and except as disclosed in the attached affidavit of Robert C. Jenevein (the "<u>Jenevein Affidavit</u>"), which is attached hereto and made a part hereof as Exhibit "B", Vincent Lopez has not represented the Debtors, their creditors, equity security holders or any other parties in interest, or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, in any matter relating to the Debtors or their estates.

15. To the best of the Debtors' knowledge and except as otherwise disclosed in the Jenevein Affidavit, Vincent Lopez does not hold or represent any interest adverse to the Debtors' estates with respect to the matter on which it is to be employed.

16. Vincent Lopez's employment is necessary and in the best interests of the Debtors' estates.

## **Relief Requested**

17. By this Motion, the Debtors seek the Court's approval to employ Vincent Lopez. as Special Litigation Counsel pursuant to 11 U.S.C. §§ 327(e) and 328 and Fed. R. Bankr. P. 2014 in connection with (i) the Kelley Litigation; and (ii) the Related Kelly Litigation to the extent that it is determined in the Bankruptcy Court as part of the claims objection process.

18. Section 327(e) provides that, the Debtors may, with the Court's approval, "employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed". 11 U.S.C. § 327(e).

19. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys . . . pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the

> trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

20. Lastly, Section 328 of the Bankruptcy Code provides in relevant part: "[t]he trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

21. As noted above, the Debtors contend that Vincent Lopez holds no adverse interest, is disinterested and Vincent Lopez's employment is necessary and in the best interests of the Debtors and their estates. The employment of Vincent Lopez pursuant to Section 327(e) and Rule 2014 is appropriate.

## **Notice**

22. Notice of this Motion has been given to (i) the Office of the United States Trustee, (ii) Debtors' twenty (20) largest unsecured creditors or counsel for any Creditors' Committee that has been appointed; (iii) Debtors' secured creditors; and (iv) all parties who have requested notice pursuant to Fed. R. Bank. P. 2002. The Debtors submit that such notice is proper and adequate and no further notice is required.

WHEREFORE, the Debtors respectfully requests that they be authorized to employ Vincent, Lopez, Serafino & Jenevein, P.C. as Special Litigation Counsel in this matter and that such employment be compensated pursuant to the terms set forth in this Motion upon application to and approval by the Court, and for such other and further relief as is just.

Dated: September 25, 2009
Wilmington, DE

**FOX ROTHSCHILD LLP**

/s/ L. Jason Cornell
L. Jason Cornell (Bar No. 3821)
Citizens Bank Center
919 North Market Street, Suite 1300
Wilmington, Delaware 19899-2323
(302) 654-7444
E-mail: jcornell@foxrothschild.com

and

Hal L. Baume, Esquire
Martha B. Chovanes, Esquire
997 Lenox Drive, 3rd Floor
Lawrenceville, NJ 08648
(609) 896-3600
(609) 896-1469 (fax)
E-mail: hbaume@foxrothschild.com
mchovanes@foxrothschild.com

*Proposed Counsel to the Debtors and Debtors-in-Possession*