## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | CHAPTER 11 |
| PNG VENTURES, INC., *et al.*,[1] | CASE NO. 09-13162 (CSS)<br>(Jointly Administered) |
| Debtors. | |
| | Re: Docket Nos. 17 and 220 |

**ORDER (I) APPROVING THE FIRST AMENDED DISCLOSURE STATEMENT RELATING TO THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION FOR PNG VENTURES, INC. AND ITS AFFILIATED DEBTORS; (II) APPROVING FORM OF BALLOT AND PROPOSED SOLICITATION, VOTING AND TABULATION PROCEDURES FOR THE PLAN AND PLAN CONFIRMATION PROCESS; (III) ESTABLISHING DEADLINES AND PROCEDURES FOR (A) FILING CLAIM OBJECTIONS AND (B) TEMPORARY ALLOWANCE OF CLAIMS FOR VOTING PURPOSES AND (C) ESTABLISHING RECORD DATE; (IV) APPROVING THE SOLICITATION PACKAGES AND PRESCRIBING THE FORM AND MANNER OF NOTICE AND DISTRIBUTION THEREOF; (V) GETTING THE BAR DATE FOR THE FILING OF ADMINISTRATIVE CLAIMS; AND (VI) SCHEDULING A HEARING ON PLAN CONFIRMATION**

Upon the record of the hearing commenced on January 5, 2010 (the "Disclosure Statement Hearing") to consider (a) the approval of the First Amended Disclosure Statement relating to the First Amended Joint Chapter 11 Plan of Reorganization for PNG Ventures, Inc. and its Affiliated Debtors, dated December 24, 2009 (as such disclosure statement may be amended from time to time, the "Disclosure Statement") [Docket No. 220 and (b) the motion dated October 6, 2009 (the "Motion") of PNG Ventures, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") for entry of an order (i) approving the disclosure statement relating to the First Amended Joint Chapter 11 Plan of Reorganization for PNG Ventures, Inc. and its Affiliated Debtors, dated December 24, 2009, (as such plan may be

---

[1] The Debtors herein are New Earth LNG, LLC, PNG Ventures, Inc., Arizona LNG, LLC, Applied LNG Technologies USA, LLC, Fleet Star, Inc. and Earth Leasing, Inc. Their address is 5310 Harvest Hill Road, Suite 229, Dallas, TX 75230.

amended from time to time, the "Plan") [Docket No. 219]; (ii) approving the form of ballots and proposed solicitation, voting and tabulation procedures for the Plan and the Plan confirmation process; (iii) establishing deadlines and procedures for (A) filing Claims objections, (B) temporary allowance of Claims for voting purposes and (C) establishing the Record Date; (iv) approving the Solicitation Packages (as such term is defined below) and prescribing the form and manner of notice and distribution thereof; (v) setting a bar date for the filing of all administrative claims with the exception of all claims of Professional Persons, (the "Administrative Expense Claims Bar Date") and (v) scheduling a confirmation hearing on the Plan; and upon consideration of the objections, if any, to the Disclosure Statement (the "Objections"); and it appearing that the Court has jurisdiction over this matter; and due and proper notice of the Motion, Disclosure Statement and Disclosure Statement Hearing[2] (in the form attached to the Motion as Exhibit "A"), having been given; and it further appearing that no other or further notice need be given; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and equity interest holders; and upon the record of the hearing on the Disclosure Statement (the "Disclosure Statement Hearing") and all the proceedings had before the Court; and the Court having determined after due deliberation that the Disclosure Statement contains adequate information, as such term is defined in section 1125 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"); and good and sufficient cause appearing therefor, it is hereby

ORDERED, that in accordance with section 1125 of the Bankruptcy Code and Rule 3017(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Disclosure Statement is hereby approved; and it is further

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in (i) the Motion or (ii) if not defined in the Motion, the Plan (as defined below).

ORDERED, that the Objections, if any, are hereby overruled; and it is further

ORDERED, that in accordance with Bankruptcy Rule 3017(c), the date and time set as the deadline for voting on the Plan shall be **February 22, 2010 at 4:00 p.m., Prevailing Eastern Time** (the "<u>Voting Deadline</u>"); and it is further

ORDERED, that in accordance with Bankruptcy Rule 3018(c), a hearing to consider confirmation of the Plan and any objections that may be interposed (the "<u>Confirmation Hearing</u>") shall be held before the Honorable Christopher S. Sontchi, United States Bankruptcy Judge, at 824 N. Market Street, 5th Floor, Wilmington, Delaware 19801, commencing **on March 5, 2010 at 9:00 a.m., Prevailing Eastern Time**; and it is further

ORDERED, that the Confirmation Hearing may be adjourned from time to time without further notice other than announcement made at the Confirmation Hearing or any adjourned hearing; and it is further

ORDERED, that in accordance with Bankruptcy Rules 3020(b) and 9006(c)(1), objections, if any, to the confirmation of the Plan (collectively, the "<u>Plan Objections</u>") must be in writing, and must (a) state the name and address of the objecting party and the nature and amount of the Claim or Equity Interest of such party, (b) state with particularity the basis and nature of each objection to confirmation of the Plan and (c) be filed, together with proof of service, with the Court and served so as to be received **no later than 4:00 p.m., Prevailing Eastern Time, on February 22, 2010** (the "<u>Plan Objection Deadline</u>"), by the Court and the following parties: (1) counsel for the Debtors: Fox Rothschild LLP, 997 Lenox Drive, Building 3, Lawrenceville, NJ 08648 (Attn: Martha B. Chovanes, Esq.); and Fox Rothschild LLP, 919 North Market Street, Suite 1600, Wilmington, Delaware 19801 (Attn: Eric M. Sutty, Esq.); (2) counsel to the Creditors' Committee, Drinker Biddle & Reath, LLP, 1100 N. Market Street, Suite 1000,

Wilmington, DE 19801-1254, Attn: Howard A. Cohen, Esq. and Drinker Biddle & Reath, LLP, 500 Campus Drive, Florham Park, New Jersey 07932-1047, Attn: Robert K. Malone, Esq. (4) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq.); and it is further

ORDERED, that parties in interest shall be allowed to file a reply on or before **February 29, 2010, at 4:00 p.m. Prevailing Eastern Time** to any timely confirmation objections that may be filed; and it is further

ORDERED, that the deadline for filing objections to claims solely for the purposes of voting on the Plan (the "Claims Objections") is **February 5, 2010, at 4:00 p.m. Prevailing Eastern Time** (the "Claims Objection Deadline"); and it is further

ORDERED, that Claims Objections shall be filed, together with proof of service, with the Bankruptcy Court, and served so as to be actually received, on or before **4:00 p.m. Prevailing Eastern Time on February 5, 2010,** by the Notice Parties and the holder of the claim subject to the Claim Objection; and it is further

ORDERED, that the holder of a claim subject to a Claim Objection shall not be entitled to vote on the Plan, except as provided for herein with respect to the claimholder's rights under Bankruptcy Rule 3018(a); and it is further

ORDERED, that the deadline for filing and serving motions to allow claims temporarily for voting purposes (each a "Rule 3018(a) Motion") is **February 16, 2010 at 4:00 p.m. Prevailing Eastern Time**. Rule 3018(a) Motions shall be filed, together with proof of service, with the Bankruptcy Court, and served so as to be actually received, on or before **4:00 p.m. Prevailing Eastern Time on February 16, 2010,** by the Notice Parties; and it is further

4

ORDERED, that the deadline for filing objections to Rule 3018(a) Motions is **February 23, 2010 at 4:00 p.m. Prevailing Eastern Time**; and it is further

ORDERED, that a party timely filing and serving a Rule 3018(a) Motion shall be provided a ballot and permitted to cast a provisional vote to accept or reject the Plan. If, and to the extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion on or prior to the Confirmation Hearing Date, such party shall be required to obtain an order of the Court temporarily allowing its claim for voting purposes at the Confirmation Hearing in order for such party's vote on the Plan to be counted; and it is further

ORDERED, that the solicitation and voting procedures set forth in the Motion, as Amended by this Order (the "Solicitation and Voting Procedures") are hereby approved; and it is further

ORDERED, that pursuant to Bankruptcy Rules 3017(c) and 3018(a), the date for purposes of determining the creditors entitled to vote on the Plan or, in the case of non-voting classes, for purposes of determining the creditors and Equity Interest holders entitled to receive certain non-voting materials, shall be **January 4, 2010** (the "Record Date"); and it is further

ORDERED, that with respect to the Record Date, the record holders of Claims and Equity Interests will be determined based upon the following: (a) with respect to holders of Allowed Claims or Equity Interests entitled to receive Notices of Non-Voting Status (as defined below) the schedules of assets and liabilities of the Debtors or a proof of claim properly and timely filed as of the Record Date; and (b) with respect to holders of Allowed Claims entitled to vote on the Plan, the records of the schedules of assets and liabilities of the Debtors or a proof of claim form properly and timely filed as of the Record Date; and it is further

ORDERED, that any notices of claim transfers received by counsel to the Debtors or

LV1 1109343v4 01/07/10

Logan & Company, Inc. ("Logan") after the Record Date shall not be recognized for purposes of voting on the Plan; and it is further

ORDERED, that the Debtors propose that only holders of Claims in Class 2 – Medley Secured Claims, Class 4 – BFI Claims, and Class 5 – General Unsecured Claims (the "Voting Classes") be entitled to vote to accept or reject the Plan. Accordingly, the Ballot forms will be distributed to holders of Claims in the Voting Classes, which is Class 2 – Medley Secured Claims, Class 4 – BFI Claims and Class 5 – General Unsecured Claims; and it is further

ORDERED, that Class 6 – Old Equity Interests will receive nothing under the Plan and is deemed to have rejected the Plan; accordingly, this Class is not entitled to vote and no Solicitation Package shall be sent to holders of Allowed Interests in this Class; and it is further

ORDERED, that Class 1 and Class 3 are unimpaired and are conclusively presumed to have accepted the Plan accordingly, this Class is not entitled to vote and no Solicitation Package shall be sent to holders of claims in these classes; and it is further

ORDERED, that the form of Ballot substantially in the forms attached this Order as Exhibits "A", "B" and "C" are approved; and it is further

ORDERED, that following approval of the Disclosure Statement, Logan shall distribute or cause to be distributed solicitation packages (the "Solicitation Packages") to the holders of Medley Secured Claims, BFI Claims and General Unsecured Claims. The Solicitation Packages will contain copies of:

  a. the Disclosure Statement Order (excluding exhibits);

  b. the Confirmation Hearing notice, substantially in the form attached to this Order as Exhibit "D" (the "Confirmation Hearing Notice");

  c. the Ballot, substantially in the form attached to this Order as either Exhibit "A", "B" or "C", as applicable, and a pre-addressed postage pre-paid return envelope; and

    d.  the Disclosure Statement, together with the Plan attached thereto.

and such Solicitation Packages may also contain a letter from the Debtors urging creditors to vote in favor of the Plan and, at its option in its sole discretion, such Solicitation Packages may also contain a letter from the Creditors Committee recommending that Creditors vote in favor of the Plan; and it is further

  ORDERED, that the Ballots will instruct the holders of Medley Secured Claims, BFI Claims and General Unsecured Claims to execute and return the Ballots on or before **February 22, 2010 at 4:00 p.m. Prevailing Eastern Time** to the Solicitation and Tabulation Agent for tabulation; and it is further

  ORDERED, that Logan shall mail the Solicitation Packages by no later than four (4) business days after entry of this Order (the "Solicitation Date"); and it is further

  ORDERED, that Logan, upon request of a creditor or equity interest holder to Logan at (973) 509-3190, shall deliver by first class mail a paper copy of the Plan and Disclosure Statement at no cost to the creditor or equity holder within five (5) business days of receipt of such request; and it is further

  ORDERED, that the Debtors shall distribute or cause to be distributed by the Solicitation Date, the Solicitation Package without a (i) Ballot or (ii) return envelope to (a) the U.S. Trustee; (b) the attorneys for the Creditors' Committee; (c) the Securities and Exchange Commission; (d) the District Director of the Internal Revenue Service; (e) the United States Department of Justice; (f) all counterparties to the Debtors' executory contracts and unexpired leases; and (g) all parties requesting notice pursuant to Bankruptcy Rule 2002 and any taxing authorities to which the Debtors' operations are subject; and it is further

  ORDERED, that the Debtors shall be excused from distributing Solicitation Packages to those entities listed at addresses to which undeliverable mailings were previously sent, unless the

7

LV1 1109343v4 01/07/10

Debtors receive written notice of accurate addresses for such entities prior to the Disclosure Statement Hearing; and it is further

ORDERED, that the following additional procedures with respect to the solicitation of votes on the Plan are hereby approved:

- Solicitation and Tabulation Agent:

    The Debtors will be using Logan for purposes of distributing Solicitation Packages and tabulating votes on the Plan. The Solicitation and Tabulation Agent will be responsible for the distribution of Solicitation Packages to, and tabulation of Ballots received from, the entities such agent solicited.

- Treatment of Certain Contingent, Disputed or Unliquidated Claims for Notice and Voting Purposes:

    Each claimant that has a Claim which is either not scheduled in the schedules filed on September 24, 2009, as amended, (the "Schedules") or scheduled in the Schedules as zero, disputed, contingent or unliquidated, and that is not the subject of a proof of claim or interest filed by the applicable Bar Date, shall not be treated as a creditor or equity interest holder with respect to such claims or interests for purposes of voting on or objecting to the Plan. Any claim that reflects an unliquidated or contingent claim or interest (in whole or in part) shall be deemed to have been objected to by the Debtors for that portion of such claim or interest that is unliquidated or contingent. If the entire claim or interest is reflected as contingent or unliquidated, then such claim or interest shall not be entitled to vote and shall not be counted for purposes of determining whether the Plan has been accepted or rejected, subject to a party's right to file a Rule 3018(a) Motion in accordance with the procedures described herein. If only a portion of a claim or interest is reflected as contingent or unliquidated, then only the contingent or unliquidated portion will be disallowed for voting purposes, again subject to a party's right to file a Rule 3018(a) Motion in accordance with the procedures described herein.

- Return of Ballots:

    Each Claimant that has a Claim which is not listed as disputed, contingent, unliquidated or zero, and for which no Claims Objections have been asserted and which Claim is not treated as unimpaired under the Plan as of the Voting Deadline or placed in a class deemed to reject the Plan, is entitled to vote to accept or reject the Plan. All Class 6 - Old Equity Interests are deemed to have rejected the Plan and, accordingly, no holders

of Class 6 – Old Equity Interests are entitled to vote to accept or reject the Plan. Claims in Class 1 and Class 3 are unimpaired and therefore are not entitled to vote to accept or reject the Plan. All Ballots will be accompanied by return postage pre-paid envelopes addressed to be returned as directed. All Ballots must be <u>actually received</u> by the Solicitation and Tabulation Agent by the Voting Deadline. If Ballots are not <u>actually received</u> by the Solicitation and Tabulation Agent by the Voting Deadline, they will not be counted unless the Debtors, with the consent of the Creditors Committee, shall have granted in writing an extension of the Voting Deadline with respect to such Ballot.

- <u>Inquiries:</u>

    All inquiries related to the Plan, the Disclosure Statement, and the Solicitation and Voting Procedures should be directed to the Solicitation and Tabulation Agent at the phone number set forth on the appropriate Ballot;

and it is further

ORDERED, that the Debtors shall send to such holders of unimpaired Claims in the Unimpaired Class 1 and Class 3, a notice of non-voting status, substantially in the form attached to this Order as Exhibit "E" (the "<u>Notice of Non-Voting Status – Unimpaired Classes</u>"), which identifies the classes designated as unimpaired, informs the claimant of the Confirmation Hearing date and the Plan Objection Deadline, and sets forth that a copy of the Plan and Disclosure Statement may be obtained via the Internet at http://www.deb.uscourts.gov and http://www.loganandco.com, or paper copy upon request to Logan at (973) 509-3190, as therein provided; and it is further

ORDERED, that the Notice of Non-Voting Status – Unimpaired Classes satisfies the requirements of Bankruptcy Rule 3017(d), and accordingly, copies of the Disclosure Statement and exhibits thereto, including the Plan, which is attached as Exhibit "A" to the Disclosure Statement, need not be mailed to any holder of an unimpaired Claim unless such party makes a specific request for the same; and it is further

ORDERED, that the Debtors shall send to such holders of Class 6 - Old Equity Interests that are not entitled to receive any distribution under the Plan in the Deemed Rejecting Class a notice of non-voting status, substantially in the form attached to this Order as Exhibit "F" (the "Notice of Non-Voting Status – Deemed Rejecting Class" and, collectively with the Notice of Non-Voting Status – Unimpaired Classes, the "Notices of Non-Voting Status"), which identifies the classes designated as being deemed to have rejected the Plan, informs the interest holder of the Confirmation Hearing date and the Plan Objection Deadline, and sets forth that a copy of the Plan and Disclosure Statement may be obtained via the Internet at http://www.deb.uscourts.gov and http://www.loganandco.com, or in paper form upon request to Logan & Company, Inc. at (973) 509-3190, as therein provided; and it is further

ORDERED, that the Notice of Non-Voting Status – Deemed Rejecting Classes satisfies the requirements of Bankruptcy Rule 3017(d) and, accordingly, copies of the Disclosure Statement and exhibits thereto, including the Plan, which is attached as Exhibit "A" to the Disclosure Statement, need not be mailed to any holder of a Claim or Equity Interest that has been deemed to have rejected the Plan unless such party makes a specific request for the same; and it is further

ORDERED, that the following procedures (the "Tabulation Procedures") are hereby approved:

    a.    Votes will be tabulated on a consolidated basis for the Voting Class.

    b.    A vote shall be disregarded if the Court determines, after notice and a hearing, that a vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code.

    c.    Any Ballot that is returned to the Solicitation and Tabulation Agent, but which is unsigned, or has a non-original signature, shall not be counted, unless otherwise ordered by the Court.

LV1 1109343v4 01/07/10

d. Any Ballot that is illegible or contains insufficient information to permit identification of the claimant shall not be counted, unless otherwise ordered by the Court.

e. All votes to accept or reject the Plan must be cast by using the appropriate Ballot and in accordance with the Solicitation and Voting Procedures set forth in the Disclosure Statement Order and/or as set forth on the Ballot (as may be applicable). Votes that are cast in any other manner shall not be counted, unless otherwise ordered by the Court.

f. If multiple Ballots are received for a holder of Claims voting the same Claims, the last dated Ballot received, as determined by the Solicitation and Tabulation Agent from such holder prior to the Voting Deadline shall be the Ballot that is counted.

g. If multiple Ballots are received from a holder of a Claim and someone purporting to be his, her, or its attorney or agent, the Ballot received from the holder of the Claim will be the Ballot that is counted, and the vote of the purported attorney or agent shall not be counted, unless otherwise ordered by the Court.

h. Except as otherwise provided herein or otherwise ordered by the Court, a Ballot that is completed, but on which the claimant did not indicate whether to accept or reject the Plan or that indicates both an acceptance and rejection of the Plan shall not be counted.

i. Any Ballot that partially accepts and partially rejects the Plan shall not be counted, unless otherwise ordered by the Court.

j. A holder of Claims shall be deemed to have voted the full amount of its claim in the Voting Class and shall not be entitled to split its vote within the Voting Class.

k. If no votes to accept or reject the Plan are received with respect to the Voting Class, such class is deemed to have voted to accept the Plan; provided, however, that such deemed acceptance shall not itself constitute at least one impaired class accepting the Plan sufficient to satisfy section 1129(a)(10) of the Bankruptcy Code, unless otherwise ordered by the Court.

l. The Solicitation and Tabulation Agent shall not tabulate a vote received by facsimile, telecopy transmission or electronic mail, unless otherwise ordered by the Court.

m. The Solicitation and Tabulation Agent shall not tabulate a vote cast by a Person or entity that does not hold an Allowed Claim in a class that is entitled to vote to accept or reject the Plan.

11

n. For the purposes of voting, the amount of Claim used to tabulate acceptance or rejection of the Plan shall be (1) the claim amount listed in Debtors' schedules of liabilities, provided that (a) such claim is not scheduled as contingent, unliquidated, disputed or zero and (b) no proof of claim has been timely filed; (2) if a proof of claim has been filed, the liquidated amount specified in a proof of claim timely filed to the extent that the proof of claim is not the subject of a Claims Objection filed by the Debtors before the Claims Objection Deadline (or in the case of claims resolved pursuant to a stipulation or order entered by the Court before the Voting Deadline, the amount set forth in such stipulation or order); or (3) the amount temporarily allowed by the Court for voting purposes, pursuant to Bankruptcy Rule 3018 (a), after notice and a hearing prior to the Confirmation Hearing, as applicable.

and it is further

ORDERED, that any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding Ballot so that the superseding Ballot is received by the Solicitation and Tabulation Agent on or before the Voting Deadline; and it is further

ORDERED, that unless otherwise agreed to by the Debtors, entities desiring to change their votes after the Voting Deadline may do so only with approval of the Court for "cause" pursuant to Bankruptcy Rule 3018(a) by filing a motion with the Court on or before the Plan Objection Deadline so that it may be heard and considered at the Confirmation Hearing; and it is further

ORDERED, that the Debtors shall provide to all creditors and equity holders as of the Record Date a copy of either of the following notices, to be sent contemporaneously with the Solicitation Packages, (i) the Confirmation Hearing Notice, setting forth (a) the date of approval of the Disclosure Statement; (b) the Voting Deadline; (c) the Plan Objection Deadline; and (d) the time, date, and place for the Confirmation Hearing, or (ii) the applicable Notice of Non-Voting Status, setting forth (a) the date of approval of the Disclosure Statement; (b) the Plan

Objection Deadline; and (c) the time, date, and place for the Confirmation Hearing; and it is further

ORDERED, that the Debtors may, but shall not be required, to publish notice of the Confirmation Hearing substantially similar to the forms attached to the Order as Exhibits "D", "E" and "F", once, not less than twenty (20) days before the Plan Objection Deadline, in a national newspaper of its choice. The Debtors shall also publish notice of the Confirmation Hearing substantially similar to the forms attached to this Order as Exhibits "D", "E" and "F" electronically at http://www.deb.uscourts.gov and http://www.loganandco.com; and it is further

ORDERED, that the forms of notice of the Confirmation Hearing in substantially the forms attached to this Order as Exhibit "D", "E" and "F" are hereby approved; and it is further

ORDERED, that the Debtors, by and through their counsel is hereby authorized to make typographical, grammatical and any other conforming changes to the Disclosure Statement and Plan prior to mailing to creditors without further Order of this Court.; and it is further

ORDERED, that the provision of notice in accordance with the procedures set forth in this Order shall be deemed good and sufficient notice of the Confirmation Hearing, the Voting Deadline and the Confirmation Objection Deadline; and it is further

ORDERED, that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the implementation of this Order.

Dated:   January, 7 2010
         Wilmington, Delaware

_____
CHRISTOPHER S. SONTCHI,
UNITED STATES BANKRUPTCY JUDGE

LV1 1109343v4 01/07/10